# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-40018
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 8, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RODOLFO HIRAM GONZALEZ-QUESADA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:14-CR-123

Before DAVIS, JONES, and GRAVES*, Circuit Judges.

PER CURIAM:**

Pursuant to a written plea agreement, Rodolfo Hiram Gonzalez-Quesada (Gonzalez) pleaded guilty to possession of a firearm by an illegal alien. He reserved his right to appeal the denial of a motion to suppress evidence seized in a warrantless search of his home. On appeal, Gonzalez contends that, even

---

* Judge Graves concurs in the judgment only.

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

assuming that he and his wife Vilma consented to the search that revealed the gun, their consent was not voluntary.

We review factual findings and credibility determinations for clear error, and legal conclusions are reviewed de novo. *United States v. Oliver*, 630 F.3d 397, 405 (5th Cir. 2011). Where, as here, the district court denied the motion based on live testimony at a hearing, review is particularly deferential. *See id.* We review the evidence in the light most favorable to the Government as the prevailing party. *See id.*

A warrantless search of a person's home is presumptively unreasonable, and the Government must show that the search falls within an exception to the warrant requirement. *United States v. Aguirre*, 664 F.3d 606, 610 (5th Cir. 2011). Consent is such an exception. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973). Whether consent was voluntary is a factual question determined under the totality of the circumstances. *Id.* at 227.

We recognize six factors relevant to voluntariness under the totality of the circumstances; none is alone dispositive. The factors are (1) the suspect's custodial status; (2) coercive police procedures; (3) the suspect's cooperation with the police; (4) the suspect's awareness that he can refuse consent; (5) the suspect's intelligence and education; and (6) the suspect's belief that nothing incriminating will be found. *See United States v. Jenkins*, 46 F.3d 447, 451 (5th Cir. 1995).

These are the pertinent facts found by the district court, and Gonzalez has not shown them to be clearly erroneous. United States Border Patrol agents ascertained that Gonzalez was in the United States illegally, and Gonzalez was arrested and handcuffed in his driveway. After asking Gonzalez if there were any illegal aliens, drugs, or weapons in the house, an agent

repeatedly asked Gonzalez if the agents could enter the house and "check for more people." Each time he asked, Gonzalez said they could.

Agents walked Gonzalez to his front door and had him call for his mother and his wife, Vilma. Vilma allowed the agents to come in. An agent asked Vilma if there were illegal aliens, weapons, or drugs in the home, and she said there was a gun in a bedroom. She then led agents to a lockbox on a shelf in the bedroom closet. With Vilma's consent, agents opened the box and found an automatic pistol with magazine and ammunition.

The district court properly required the Government to prove voluntary consent. Regarding the six factors as applied to Gonzalez, he was clearly arrested and in full custody of the agents. This factor weighs against voluntariness but is not alone conclusive. *See United States v. Smith*, 543 F.2d 1141, 1146 (5th Cir. 1976). Nothing in record shows that the agents engaged in coercive conduct. Although an agent repeated his requests for consent, Gonzalez never refused, and the agent testified that he simply wanted to make it as clear as possible that Gonzalez was giving consent. Further, Gonzalez was cooperative at all times.

Nothing conclusively shows that Gonzalez was aware of his right to refuse to consent, but this also is not determinative. *See United States v. Davis*, 749 F.2d 292, 296 (5th Cir. 1985). Gonzalez's previous "experience in the criminal justice system" served to offset any failure to advise him of his right to refuse consent. *United States v. Ponce*, 8 F.3d 989, 998 (5th Cir. 1993). Neither is there any suggestion that Gonzalez was lacking in intelligence or education. Finally, Gonzalez did not expect agents to find anything illegal, as shown by his saying, "El que nada debe nada teme," which was translated as "The one that owes nothing has nothing to fear." His "belief that no

incriminating evidence would be found supports the validity of the consent." *Davis*, 749 F.2d at 296.

Vilma's consent was also voluntary under the six factor test. Even if Vilma was "seized for Fourth Amendment purposes," it is significant that she "was not in official custody when consent to search was given." *Ponce*, 8 F.3d at 997. Nothing suggests that agents exerted any coercion on Vilma, and she was cooperative at all times. Whether she was aware that she could refuse consent is unclear but not determinative. *See Davis*, 749 F.2d at 296. Nothing suggests Vilma suffered from a lack of education or intelligence, and whether she knew at the time of the search that the gun was incriminating is not significant in the totality of the circumstances here.

Gonzalez fails to show that the district court clearly erred by finding that his consent and Vilma's consent were voluntary. *See Oliver*, 630 F.3d at 405. The judgment is AFFIRMED.